The Honorable Pat Ranson State Senator, Twenty-Fifth District 1701 Woodrow Court Wichita, Kansas 67203
Dear Senator Ranson:
As senator for the twenty-fifth district you inquire whether podiatrists are "physicians" under Kansas law.
You indicate that your inquiry involves health care reform legislation regulating professional health care providers. At issue is whether for purposes of this health care reform legislation podiatrists would be a category of health care provider included in the term physician as currently defined by Kansas law.
Podiatrists are governed by the podiatry act found at K.S.A. 65-2001et seq. A podiatrist is authorized to prescribe drugs or medicine and to perform such surgery on the human foot or toes, as may be necessary to the practice. The practice, however, may not include amputation of the foot or toes or the administration of any anesthetic other than local, K.S.A.65-2002. The regulation of podiatrists and enforcement of the podiatry act, K.S.A. 65-2001 through 65-2016, inclusive, lies with the state board of healing arts. K.S.A. 74-2805.
The podiatry act does not define the term "physician." We thus turn to the healing arts act wherein persons engaged in the practice of medicine and surgery are defined as:
 "(a) Persons who publicly profess to be physicians or surgeons, or publicly profess to assume the duties incident to the practice of medicine or surgery or any of their branches.
 "(b) Persons who prescribe, recommend or furnish medicine or drugs, or perform any surgical operation. . . .
 "(c) Persons who attach to their name the title M.D., surgeon, physician, physician and surgeon, or any other word or abbreviation indicating that they are engaged in the treatment or diagnosis of ailments, diseases or injuries or human beings." K.S.A. 65-2869 (Emphasis added).
"Physicians," are for purposes of the healing arts act persons engaged in the practice of medicine and surgery or who profess to be so engaged. Since both acts, the podiatry act and the healing arts act, relate to the same subject, the acts are in pari materia and should be construed together. Caflin v. Walsh, 212 Kan. 1, 8 (1973); See also Attorney General Opinion No. 80-217. Having established that podiatrists are physicians limited to the practice of podiatry as defined in the podiatry act, however, does not address whether podiatrists are physicians for purposes of health care reform legislation. In our judgment the question can be answered only within the context of the specific legislation and depends upon how narrlowly or broadly the term "physician" is defined for purposes of that specific legislation.
Several Kansas statutes define the term "physician" to include podiatrists. For example, for purpose of the physician-patient privilege, a physician is "a person licensed or reasonably believed by the patient to be licensed to practice medicine or one of the healing arts. . . ." K.S.A. 1993 Supp. 60-427(a). Under the workmen's compensation act, a health care provider means any "person licensed . . . to practice medicine and surgery, osteopathy, chiropractic, dentistry, optometry or podiatry." K.S.A. 44-508(i).
In the following statutes the term physician does not specifically include podiatrists although a physician is defined to mean a person licensed to practice medicine and surgery: K.S.A. 65-5a01(c) (children with special health care needs); 65-2897a(b) (physician's assistants); 65-28,102(d) (natural death act); 65-2901 (physical therapists); 65-3209(g) (uniform anatomical gift act); K.S.A. 65-4003(17) (alcoholism and treatment act); K.S.A. 65-4202(b) (mental health technicians); 65-6112 (m) (emergency medical services act); 65-1,114(a) (concerning diabetes); 65-6b01(a) (prescribing and administering laetrile); K.S.A.65-5502(e) (respiratory therapy practice act). Various statutes outside chapter 65 also limit the term physician to persons licensed to practice medicine and surgery. See K.S.A. 1993 Supp. 8-1001(c) (withdrawal of blood for chemical blood test); K.S.A. 1993 Supp. 17-2707(b) (professional corporations); K.S.A. 1993 Supp. 59-2902(j) (treatment act for mentally lll persons); K.S.A. 1993 Supp. 72-5212 (a)(5) (school health tests and inoculations).
Conversely not all statutes concerning public health which use the word "physician" or health care provider limit it to persons licensed to practice medicine and surgery. See workers compensation statute; K.S.A.44-508(i), K.S.A. 65-2871, (chiropractors); 65-2891(e) (provision of emergency care); 65-2892 (examination and treatment of minors for venereal disease); 65-2892a (examination and treatment of minors for drug abuse). The broad range of these statutes makes it clear that "physician" can be defined within the context of its purpose.
The general meaning ascribed to the term "physician" can include many practitioners. The term "physician" is defined in Black's Law Dictionary
1033 (rev. 5th ed. 1979) as follows:
 "A practitioner of medicine; a person duly authorized or licensed to treat diseases; one lawfully engaged in the practice of medicine."
As evidenced by the statutes cited above the term can be limited to those persons licensed to practice medicine and surgery or it can be defined more broadly to include others by including them in the definition.
In conclusion the term physician includes podiatrists for purposes of regulation by the Kansas healing arts board. How inclusive the term "physician" is for other purposes depends on the applicable statutory definition.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm